UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KARA LEMQUIST,
A resident and citizen of Florida,

       Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,
And HAL PROPERTIES, LTD.,

       Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KARA LEMQUIST, a resident and citizen of Florida, sues Defendants CARNIVAL CORPORATION, d/b/a Carnival Cruise Lines, and HAL PROPERTIES, LTD., and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff, KARA LEMQUIST, is a resident and citizen of the State of Florida.

3. The Defendant CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. Defendant HAL PROPERTIES, LTD. is a Bahamian corporation.

5. On information and belief, Defendant HAL PROPERTIES, LTD. is and at all material times has been a subsidiary or affiliate of Defendant CARNIVAL.

LEMQUIST V. CARNIVAL CORPORATION

6. Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

7. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

8. At all material times, Defendant CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

9. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

10. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave CARNIVAL timely written notice of the claim as required by the ticket contract, by a letter of October 15, 2021, a copy of which is attached as Exhibit 1.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

12. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "CARNIVAL MAGIC."

LEMQUIST V. CARNIVAL CORPORATION

13.　At all material times, including the injury date of October 4, 2021, the Plaintiff was a fare paying passenger aboard the CARNIVAL MAGIC and in that capacity was lawfully present aboard the vessel.

14.　On or about October 4, 2021, the Plaintiff was on a private island known as "Half Moon Cay." She was entering a chapel on Half Moon Cay, ascending a ramp designated and intended for use by passengers entering and exiting the chapel. The ramp was designed and installed so that a portion of its surface was a smooth inclined ramp and the other portion, adjacent to the smooth portion, contained divided steps, with a corresponding change in elevation between the smooth and stepped portions of the ramp. These design features of the ramp and steps were in violation of applicable industry standards, in particular American Society for Testing and Materials (ASTM) Standard F1166-07 (2013), §11.3.1 (General Design Requirements for Ramps); §11.3.5.2 regarding the coefficient of friction of ramp walking surfaces; F 1637 §4.2.4 regarding changes of level on walkways; and F1637 §§3.1.11, 3.1.12 and 4.1.3 regarding adequate slip resistance of walkways. Plaintiff was ascending the smooth inclined portion of the ramp.

15.　While the Plaintiff was ascending the ramp referenced in the preceding paragraph, individuals were exiting the chapel and descending the ramp. Plaintiff stepped to her left to make room for the people exiting the chapel. Due to inadequate marking of the divisions between the smooth portion of the ramp and the adjacent stepped portion, the Plaintiff was unable to detect the change in elevation between the smooth and stepped portions of the ramp. When Plaintiff stepped to the left to avoid the individuals exiting the chapel, she failed to detect the change of elevation she encountered, fell off the smooth portion of the ramp onto the adjacent steps, and sustained serious injuries.

LEMQUIST V. CARNIVAL CORPORATION

16. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF RAMP AND ADJACENT STEPS BY CARNIVAL**

17. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

18. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and controlled by CARNIVAL.

19. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the ramp and steps where Plaintiff fell, as described in Paragraphs 14 and 15 above, in a reasonably safe condition. This included a duty to maintain the ramp surface and adjacent steps in an even and safely leveled condition, with adequate marking of changes of elevation, in order to ensure passengers entering and exiting the chapel, including the Plaintiff, were able to do so safely. The duty of ramp maintenance included the responsibility to inspect the

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

LEMQUIST V. CARNIVAL CORPORATION

ramp and steps for misleveled, uneven, or improperly marked parameters, and to timely correct those conditions when they were or should have been detected.

20. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

21. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

22. At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

23. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the ramp in a reasonably safe condition by correcting its dangerous condition, by adjusting the positioning of the ramp or providing better marking of elevation changes and other features of the ramp and adjacent steps for passengers

LEMQUIST V. CARNIVAL CORPORATION

including the Plaintiff in order to prevent a fall due to the conditions.  CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

24. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

## **COUNT II – NEGLIGENT FAILURE TO WARN- CARNIVAL**

25. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

26. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and controlled by CARNIVAL.

27. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as the Plaintiff, adequately of any elevation changes or other fall risks created by the condition of the ramp rand adjacent steps referenced in Paragraphs 14 and 15, including unevenness, misleveling, or elevation changes,  in order to ensure the safety of ingress and egress for passengers entering and exiting the chapel, including the Plaintiff.

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

LEMQUIST V. CARNIVAL CORPORATION

28. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

29. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

30. At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

31. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the risks to passengers including the Plaintiff posed by the steepness of the ramp, the inadequately marked change in elevation between the smooth and stepped portions of the ramp, and its misleveled or uneven condition, through adequate signage or markings, oral warnings, redirecting passengers from the dangerous ramp and steps, or otherwise.

LEMQUIST V. CARNIVAL CORPORATION

32. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

**COUNT III – NEGLIGENT DESIGN OF RAMP AND ADJACENT STEPS - CARNIVAL**

33. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

34. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and controlled by CARNIVAL.

35. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to design and install the ramp and adjacent steps referenced in Paragraphs 14 and 15 above so that it they were reasonably safe for use by passengers, including the Plaintiff, entering or exiting the chapel referenced in Paragraphs 14 and 15 above.

36. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

LEMQUIST V. CARNIVAL CORPORATION

37. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

38. At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

39. Notwithstanding CARNIVAL's actual or constructive knowledge of the unsafe design and installation of the ramp and steps referenced in Paragraphs 14 and 15 above, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to design and install the ramp and steps so that they were reasonably safe for use by passengers entering and exiting the chapel, including the Plaintiff, and was thereby negligent.

40. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

LEMQUIST V. CARNIVAL CORPORATION

# **COUNT IV – NEGLIGENT INSPECTION AND MAINTENANCE OF RAMP AND ADJACENT STEPS BY HAL PROPERTIES, LTD.**

41. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

42. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and/or controlled by HAL PROPERTIES, LTD. (HAL).

43. At all material times, HAL, as owner or operator of the facilities on Half Moon CAY, owed the Plaintiff, as a lawful entrant and invitee on the island, a duty of reasonable care, including the duty to take reasonable steps to maintain the ramp and steps where Plaintiff fell, as described in Paragraphs 14 and 15 above, in a reasonably safe condition.  This included a duty to maintain the ramp surface and adjacent steps in an even and safely leveled condition, with adequate marking of changes of elevation, in order to ensure passengers entering and exiting the chapel, including the Plaintiff, were able to do so safely.  The duty of ramp maintenance included the responsibility to inspect the ramp and steps for misleveled, uneven, or improperly marked parameters, and to timely correct those conditions when they were or should have been detected.

44. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

LEMQUIST V. CARNIVAL CORPORATION

45    At all material times, HAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. HAL's actual or constructive knowledge was derived from prior use of the same or substantially similar ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

46.    At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

47.    Notwithstanding HAL's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, HAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the ramp in a reasonably safe condition by correcting its dangerous condition, by adjusting the positioning of the ramp or providing better marking of elevation changes and other features of the ramp and adjacent steps for passengers including the Plaintiff in order to prevent a fall due to the conditions.  HAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

48.    As a direct and proximate result of HAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant HAL for

compensatory damages and the costs of this action.

## COUNT V – NEGLIGENT FAILURE TO WARN- HAL PROPERTIES, LTD.

49. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

50. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and/or controlled by HAL PROPERTIES, LTD. (HAL).

51. At all material times, HAL, as owner or operator of the facilities on Half Moon CAY, owed the Plaintiff, as a lawful entrant and invitee on the island, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as the Plaintiff, adequately of any elevation changes or other fall risks created by the condition of the ramp rand adjacent steps referenced in Paragraphs 14 and 15, including unevenness, misleveling, or elevation changes, in order to ensure the safety of ingress and egress for passengers entering and exiting the chapel, including the Plaintiff.

52. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

53. At all material times, HAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. HAL's actual or constructive knowledge was derived from prior use of the same or substantially similar

LEMQUIST V. CARNIVAL CORPORATION

ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

54. At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

55. Notwithstanding HAL's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, HAL failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the risks to passengers including the Plaintiff posed by the steepness of the ramp, the inadequately marked change in elevation between the smooth and stepped portions of the ramp, and its misleveled or uneven condition, through adequate signage or markings, oral warnings, redirecting passengers from the dangerous ramp and steps, or otherwise.

56. As a direct and proximate result of HAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant HAL for compensatory damages and the costs of this action.

13
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

LEMQUIST V. CARNIVAL CORPORATION

## **COUNT VI – NEGLIGENT DESIGN OF RAMP AND ADJACENT STEPS – HAL PROPERTIES, LTD.**

57. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-16 above as if they were incorporated in full in this Count and further alleges the following matters.

58. At all material times, including the injury date of October 4, 2021, the private island Half Moon Cay and the facilities thereon, including the chapel and ramp referenced in Paragraphs 14 and 15 above, were owned, operated, and/or controlled by HAL PROPERTIES, LTD. (HAL).

59. At all material times, HAL, as owner or operator of the facilities on Half Moon CAY, owed the Plaintiff, as a lawful entrant and invitee on the island, a duty of reasonable care, including the duty to design and install the ramp and adjacent steps referenced in Paragraphs 14 and 15 above so that it they were reasonably safe for use by passengers, including the Plaintiff, entering or exiting the chapel referenced in Paragraphs 14 and 15 above.

60. At all material times the ramp and steps where the Plaintiff fell were in a high traffic area since they were specifically designated for passengers entering and leaving the chapel. No alternative safe means of ingress or egress were available at the time to passengers entering and exiting the chapel, such as the Plaintiff.

61. At all material times, HAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp and adjacent steps as referenced above. HAL's actual or constructive knowledge was derived from prior use of the same or substantially similar ramps and steps, prior fall instances on the same or similarly configured ramps and steps, industry standards regarding ramps and steps as referenced in Paragraph 14 above, the recurring nature of the dangerous conditions on the ramp and steps, and the length of time the ramp and steps had

LEMQUIST V. CARNIVAL CORPORATION

been in an unsafe condition before the Plaintiff fell, a length of time sufficient to invite corrective measures.

62. At all material times the dangerous condition of the ramp and steps referenced above was neither known nor obvious to the Plaintiff, due to her inability to detect the change in elevation referred to in Paragraphs 14 and 15 above.

63. Notwithstanding HAL's actual or constructive knowledge of the unsafe design and installation of the ramp and steps referenced in Paragraphs 14 and 15 above, HAL failed before the time of the Plaintiff's injury to take reasonable measures to design and install the ramp and steps so that they were reasonably safe for use by passengers entering and exiting the chapel, including the Plaintiff, and was thereby negligent.

64. As a direct and proximate result of HAL's negligence as described above the Plaintiff fell as alleged in Paragraph 15 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 16 above.

**WHEREFORE**, the Plaintiff demands judgment against Defendant HAL for compensatory damages and the costs of this action.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

LEMQUIST V. CARNIVAL CORPORATION

**<u>DEMAND FOR JURY TRIAL</u>**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 30th day of September 2022.

                ***<u>/s/NICHOLAS I. GERSON</u>***
                NICHOLAS I. GERSON
                Bar Number No. 0020899
                ngerson@gslawusa.com
                filing@gslawusa.com
                PHILIP M. GERSON
                Florida Bar No. 127290
                pgerson@gslawusa.com
                EDWARD S. SCHWARTZ
                Florida Bar No. 346721
                eschwartz@gslawusa.com
                DAVID MARKEL
                Florida Bar No. 78306
                dmarkel@gslawusa.com
                BRIAN M. ANDINO
                Florida Bar No. 119847
                bandino@gslawusa.com
                GERSON & SCHWARTZ, P.A.
                1980 Coral Way
                Miami, Florida 33145
                Telephone: (305) 371-6000
                Facsimile: (305) 371-5749
                Attorneys for Plaintiffs